UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

James G. Mermigis, Esq.
**THE MERMIGIS LAW GROUP, P.C.**
85 Cold Spring Road, Suite 200
Syosset, New York  11791
516-353-0075
James@MermigisLaw.com

*Attorneys for Plaintiff*

---

**GEORGE WRAGE,**

                Plaintiff,                  **COMPLAINT**

Against                                  Civil Action No.: 1:22-cv-7841

**MSGN HOLDINGS, LP,**
**MADISON SQUARE GARDEN SPORTS CORP., and**    **DEMAND FOR**
**MSG ENTERTAINMENT GROUP CORP.**                 **JURY TRIAL**

                Defendants.

---

Plaintiff, George Wrage, by his attorney, The Mermigis Law Group, P.C., upon information and belief, complains as follows:

1.      Plaintiff, George Wrage brings this Complaint against Defendants MSGN Holdings, LLP., The Madison Square Garden Sports Corp. and MSG Entertainment Group Corp., (Collectively, hereinafter the "Defendants" or "MSG").

1

2. This case involves a violation of legal protections for religious freedom and accommodation in the workplace. Defendants terminated Plaintiff's employment because of Plaintiff's sincerely held beliefs.

3. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, broadly forbids employers from terminating Plaintiff's employment because of Plaintiff's religious beliefs. What's more, in the face of a conflict between those beliefs and a job requirement, those laws also require the employer to accommodate the would-be employee's beliefs absent proof of undue hardship.

**PARTIES**

4. Plaintiff, George Wrage, is an Emmy nominated Director who was employed by Defendants for nearly twenty years. Plaintiff's sincerely held religious beliefs as a Roman Catholic Christian require him to refuse the covid-19 vaccines because they are produced, developed and tested with aborted fetal cells.

5. Plaintiff cannot in morality receive any of the Covid-19 vaccines without compromising his closely held religious beliefs. His faith also instructs him that vaccination is not morally obligatory in principle and therefore must be voluntary; that there is a general moral duty to refuse the use of medical products, including certain vaccines, that are produced using human cell lines derived from direct abortions; that he is morally required to obey his sure conscience; and that abortion is a sin and contrary to the teachings of the Bible.

6. Plaintiff was never offered an accommodation for his sincerely held religious beliefs and Defendants never engaged in any meaningful dialogue with Plaintiff regarding an

Accommodation for Plaintiff's sincere beliefs. Plaintiff resides in the State of New York and is over the age of 18 years old.

7. Defendant, MSGN Holdings, LP., is a foreign business limited partnership authorized to do business within New York, with its principle Executive Office located at Two Pennsylvania Plaza, New York, New York 10121.

8. Defendant Madison Square Garden Sports Corp., is a foreign business corporation authorized to do business within New York, with its principle Executive Office located at Two Pennsylvania Plaza, New York, New York 10121.

9. Defendant MSG Entertainment Group Corp., is a foreign business corporation authorized to do business within New York, with its principle Executive Office located at Two Pennsylvania Plaza, New York, New York 10121.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal-question jurisdiction).

11. Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendants maintain a principal place of business within this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. All conditions precedent to filing claims under Title VII have been performed or have occurred. In particular, Plaintiff filed a timely charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC); and the EEOC issued a right-to-sue notice on June 15, 2022.

13. This case is brought within 90 days of receipt of the EEOC notice.

14. Plaintiff has fully exhausted his administrative remedies and is entitled to file in the district court. This Complaint is filed within the appropriate time.

**STATEMENT OF FACTS**

15. Defendants implemented a mandatory covid-19 vaccination policy effective July 12, 2021.

16. Plaintiff applied for a religious accommodation to the covid-19 mandate on July 8, 2021.

17. Even though Defendants did not dispute that I had a sincerely held religious belief preventing me from becoming vaccinated against COVID-19 vaccine, my request was quickly denied.

18. The only offer of "accommodation" that I received was that if I got the vaccine, I could return to work.

19. That was the only dialogue I had with Defendants. If the Defendants genuinely intended to comply with their legal obligations, they would have engaged in a meaningful dialogue with me.

20. At no point did Defendants engage in any sort of interactive process with me or to determine whether they could reasonably accommodate my sincerely held religious belief that I could not receive the COVID-19 vaccine.

21. On August 5, 2021, CDC Director Dr. Rochelle Walensky told CNN's Wolf Blitzer that the Covid-19 vaccine cannot prevent the transmission of the disease.

https://www.thegatewaypundit.com/2021/08/cdc-director-tells-cnn-covid-vaccines-cant-prevent-transmission-video/

22. On August 6, 2021, Defendants sent me a form stating that accommodating me would pose a direct threat to others.

23. On August 9, 2021, my union representative presented Defendants with a clear path to a reasonable accommodation, proposing that the Company could easily accommodate me by adopting the exact protocols that were in place prior to widespread availability of the COVID-19 vaccine and proved to be effective when we returned to work in January of 2021. Those protocols included regular testing, masking, social distancing, and improved ventilation.

24. Those safety protocols were successful; me and my co-workers were able to safely go to work during a pandemic.

25. On August 17, 2021, Defendants changed their reasoning, without explanation through another form and an email that accommodating me would present an "undue hardship."

26. Shortly thereafter, I was terminated by Defendants. Defendants never contested my sincere and genuinely held beliefs.

**FIRST CLAIM FOR RELIEF**
**Violation of Title VII of the Civil Rights Act of 1964**
**Disparate Treatment/Failure to Accommodate on the Basis of Religion (42 U.S.C. § 2000e, et seq.) against Defendants**

27. Title VII forbids an employer from refusing a job to someone because of her need for religious accommodation, absent proof that granting the accommodation would cause it undue hardship. 42 U.S.C. §§ 2000e(j), 2000e-2(a)(1); *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 774 (2015).

28. This extension of actionable religious discrimination to include a failure to accommodate derives from Title VII's definition of "religion" to include "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

29. A plaintiff can therefore make out a prima facie case under Title VII by showing (1) he held a bona fide religious belief, the practice of which conflicted with an employment duty; (2) the employer took adverse action—including termination—because of the plaintiff's inability to fulfill the job requirement; and (3) the plaintiff's religious practice was a motivating factor in the employer's decision. Chin et al., Cal. Prac. Guide: Employment Litigation (The Rutter Group 2019) 15 ¶ 7:620; see also *Abercrombie & Fitch,* 575 U.S. at 775.

30. In response to Plaintiff's request for an accommodation, the Defendants took an adverse action against Plaintiff by terminating Plaintiff's employment because of his religious need for an accommodation. See 42 U.S.C. § 2000e-2(a)(1) (actionable adverse actions include "fail[ing] or refus[ing] to hire," "discharg[ing]," or otherwise discriminating with respect to the "terms" and "conditions" of employment).

31. Defendants made no efforts at all to accommodate Plaintiff's sincerely held religious objection to the covid-19 vaccination and then terminated Plaintiff's job of over 20 years because of that conflict. Its failure to produce any alternative therefore requires it to have accepted Plaintiff's proposal absent undue hardship.

32. Accommodating Plaintiff would not have imposed an undue hardship on Defendants. Other venues and workplaces have not insisted on mandatory covid-19 vaccinations without allowing accommodations for objectors.

33. As a result of the Defendants' violations of Title VII, Plaintiff suffered lost income and other economic and non-economic damages.

## REQUEST FOR RELIEF

34. **WHEREFORE**, Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully stated here, and prays that the Court grant the following relief:

(a) Issue a declaratory judgment that the practices complained of in this Complaint are unlawful and violate Title VII of the Civil Rights Act;

(b) Require the Defendants to adopt hiring and employment policies that comply with Title VII, including their requirement that employers make reasonable accommodations to religious beliefs and practices in general and faith-based objections to vaccine objectors in particular and any other appropriate and legally permissible injunctive relief in accordance with proof;

(c) Award Plaintiff all appropriate and legally available monetary relief, including lost compensation and benefits, in an amount to be determined at trial to make him whole for the loss he suffered as a result of the unlawful conduct alleged in this Complaint;

(d) Award Plaintiff any interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest;

(e) Award compensatory damages to Plaintiff to fully compensate him for the pain, suffering, and other expenses caused by the harmful conduct alleged in this Complaint;

(f) Award Plaintiff a reasonable amount of attorney's fees for the work of his attorneys in pursuit of this action and the protection of his rights;

(g) Award Plaintiff all costs, disbursements, and expenses he paid or that were incurred on his behalf;

(h) Award such additional relief the Court deems just and proper; and (j) Award any other relief as allowed by law.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues.

Dated: September 13, 2022

Respectfully submitted,

*/s/ James Mermigis*
_____
James G. Mermigis
The Mermigis Law Group, P.C.
85 Cold Spring Road, Suite 200
Syosset, New York 11791
516.353.0075
james@MermigisLaw.com